UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD ABONDOLO, as Chairman of the Board of Trustees UFCW LOCAL 174 COMMERCIAL HEALTH CARE FUND and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 COMMERCIAL PENSION FUND,<br><br>Petitioner,<br>and<br><br>SUPREME OIL COMPANY, INCORPORATED, a/k/a SUPREME OIL COMPANY, INC.<br><br>Respondent. | Civil Action No. 07 CIV 6537<br><br>RESPONSE TO PETITION TO CONFIRM ARBITRATION AWARD |

Supreme Oil Company, Inc., ("Supreme Oil" and/or "Employer") is a Corporation of the State of Delaware maintaining a principal place of business at 80 South Dean Street, Englewood, New Jersey respectfully responds as follows:

1.   Respondent admits that the instant action is a Petition to Confirm an Arbitration Award issued by William F. Clarke on June 13, 2007. Petitioner has not advised the Court that there is pending a earlier action to Vacate an Arbitration Award bearing civil action no. 07-CIV-6479 assigned to the Honorable Richard J. Holwell which was filed on July 17, 2007 in this Court.

2.   Respondent admits the allegations as contained in paragraph 2.

3.   Respondent admits the allegations as contained in paragraph 3.

4.   Respondent neither admits nor denies the identities of the Trustees of the Health Care Fund and leaves Petitioner to its proof.

<span>-1-</span>

5. Respondent neither admits nor denies the identities of the Trustees of the Pension Fund and leaves Petitioner to its proof.

6. Respondent admits the allegations as contained in paragraph 6.

7. Respondent denies that it has entered into a Collective Bargaining Agreement with Petitioner herein.

8. Respondent is unable to respond to this paragraph as it is unclear as to the Union referred to in this paragraph. Nevertheless, Respondent states that it has at all pertinent times entered into a valid Collective Bargaining Agreement with Local 1245 UFCW covering certain employees including unionized employees. Said Union is not a party to this action.

9. Respondent admits an obligation to make contributions to the Funds pursuant to its Collective Bargaining Agreement with Local 1245 UFCW.

10. Respondent states that the Agreement speaks for itself.

11. Respondent states that the Agreement speaks for itself.

12. Respondent states that the Agreement speaks for itself.

13. Respondent denies the allegations as contained in paragraph 13 in that the Arbitrator was guilty of misconduct in refusing to hear the testimony of a witness for the Employer that was present at the arbitration hearing who possessed evidence pertinent and material to the controversy. The Arbitrator otherwise exceeded his powers and so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made in that the Arbitrator violated both the Collective Bargaining Agreement and the law by disregarding the clear and unequivocal language of the Collective Bargaining Agreement relating to the Employer's obligations to make

contributions to the Fund relative to health care insurance for Fund participants, and in so doing, manifestly disregarded the law.

15. Respondent repeats and reiterates the response to paragraph 13 and denies that monies are due and owing.

15. Respondent admits that there was a hearing on various dates but denies that Larry Cole, Esq. appeared on behalf of Respondent. Larry Cole, Esq. was not permitted to testify by the Arbitrator as set forth above in paragraph 13. The Arbitrator did not receive full proof or testimony at that hearing.

16. Respondent admits the allegations contained in paragraph 16.

17. Respondent admits the allegations contained in paragraph 17.

18. Respondent admits the allegations contained in paragraph 18.

19. Respondent denies the allegations contained in paragraph 19. The Respondent's Petition to Vacate the Arbitration Award in civil action no. 07-CIV-6479 sets forth the reason and rationale for its Petition to Vacate the Arbitration Award and, as a consequence, the money is not due and owing.

WHEREFORE, Respondent respectfully requests that the remedy sought by Petitioner be denied.

                                              JONATHAN J. LERNER
                                              JL 2916
                                              STARR, GERN, DAVISON & RUBIN, P.C.
                                              Attorneys for Petitioner
                                              105 Eisenhower Parkway
                                              Roseland, New Jersey 07068
                                              973-403-9200

Dated: August 10, 2007